IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ZAYO GROUP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:17-CV-83 (MTT) |
| | ) | |
| COMSOUTH TELECOMMUNICATIONS INC, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff Zayo Group LLC filed a breach of contract claim against Defendant ComSouth Telecommunications Inc. Doc. 1. In response, ComSouth filed a counterclaim, which was later amended, alleging, among other claims, that Zayo committed fraud in the inducement and fraud in the performance. Docs. 8; 18. Zayo has now moved to dismiss those fraud claims. Docs. 12; 13. Accepting the allegations in ComSouth's amended counterclaim as true, it alleges sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted) (stating that, at the motion to dismiss stage, all of the plaintiff's well-pleaded facts are accepted as true). Because there are fact issues as to whether ComSouth timely rescinded the contract and the effect of the merger clause in the parties' initial agreement, the Court cannot accept Zayo's argument that ComSouth's fraud claims fail as a matter of law. Moreover, despite Zayo's argument to the contrary, ComSouth

sufficiently alleges that Zayo misrepresented what was being provided under the contract so as to support a fraud in the performance claim.[1]  Accordingly, Zayo's Motion to Dismiss (Doc. 12) is **DENIED**.

**SO ORDERED**, this the 25th day of Sep, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] In its Motion to Dismiss, Zayo alleged that ComSouth failed to allege intent and knowledge as to ComSouth's fraud in the inducement claim.  Doc. 13 at 7.  In its Reply to ComSouth's Response, Zayo concedes that Zayo alleges intent and knowledge as to the fraud in the inducement claim in its amended counterclaim.  Doc. 26 at 1.  Thus, the Court does not address that argument.